## HEINE v. POEHLS.
### No. 9726.

Court of Civil Appeals of Texas. Galveston.
Feb. 9, 1932.

Rehearing Denied March 18, 1932.

352

Alexander & Alexander, W. J. Alexander, Bowers & Bowers, and R. S. Bowers, all of Caldwell, for appellant.

W. M. Hilliard, of Caldwell, for appellee.

LANE, J.

T. W. Heine, commonly called Theodore Heine, a son of Fritz Heine, borrowed $100 from Eddie Poehls, and as evidence thereof he executed and delivered to Eddie Poehls his promissory note for $100. T. W. Heine died in January, 1929, after executing said note, leaving the same wholly unpaid. A few days prior to the death of T. W. Heine and while he was confined to his bed, Fritz Heine, his father, took two mules, the ownership of which is in dispute in this suit, from the premises occupied by T. W. Heine, and at the time this suit was instituted the two mules were in the possession of Fritz Heine, who was claiming them as his property.

Some twenty or more months after the death of T. W. Heine, to wit, on the 2d of September, 1930, Mrs. Heine, widow of T. W. Heine, deceased, gave Eddie Poehls a bill of sale to the mules, then in possession of Fritz Heine, in full satisfaction of the aforementioned note.

On September 10, 1930, Eddie Poehls brought this suit against Fritz Heine, in a justice court of Burleson county, to recover the possession of the two mules or their value alleged to be $150, in the event they could not be found. In the alternative, plaintiff alleged that defendant, for a valuable consideration, agreed to pay him the note above mentioned, principal, interest, and attorney's fees as provided therein, amounting in all to the sum of $127. He prayed that if it be found that he is not entitled to judgment for the mules or their value, he be awarded a judgment for the sum of $127, same being the sum due on the note, as above stated.

Defendant answered and averred that he never promised in writing to pay the debt of T. W. Heine sued on; and denied that he ever received any consideration for a promise on his part to pay the plaintiff the debt of T. W. Heine, deceased, which is sued upon. He denied that the mules in question were at any time the property of T. W. Heine, deceased.

Upon trial in the Justice court judgment was rendered for plaintiff for the two mules and decreed that in the event the mules cannot be *had*, then the plaintiff shall recover of and from defendant the sum of $150, the value of said mules, with interest, etc.

The cause was carried to the county court of Burleson county by an appeal by defendant. The cause was tried in the county court before a jury upon the following special issues:

"No. 1. Who owned the mules in question at the time of the death of the said T. W. Heine? Answer, giving the name of the owner:"

"No. 2. Did the defendant, Fritz Heine, after the death of T. W. Heine, promise to pay the note in question due and owing by T. W. Heine to the plaintiff Eddie L. Poehls? Answer 'Yes' or 'No' as you may find:"

"No. 3. If you have answered Special Issue No. 2 in the affirmative, then please answer this Special Issue No. 3, to wit: Did the defendant, Fritz Heine, receive sufficient property from the estate of T. W. Heine, deceased, to support his promise to pay said note? Answer 'Yes' or 'No' as you may find:"

In answer to the first special issue the jury found that T. W. Heine, at the time of his death, was the owner of the mules in question.

In answer to special issue No. 2, they found that defendant Fritz Heine, after the death of T. W. Heine, did promise to pay the note in question to Eddie Poehls, and in answer to issue No. 3 they found that Fritz Heine received from the estate of T. W. Heine, deceased, sufficient property to support his promise to pay said note.

Upon such finding of the jury, the court, upon request therefor by the plaintiff, rendered judgment in favor of the plaintiff, against the defendant, decreeing that the plaintiff recover of the defendant the two mules in question, describing them, and further decreeing that if said mules could not be recovered by plaintiff then, and in such event, the plaintiff recover of and from the defendant the sum of $150, the value of the mules, with interest thereon at the rate of 6 per cent. per annum from the date of the judgment.

From such judgment the defendant, Fritz Heine, has appealed to this court.

The controlling issue in this case, if not the only issue, is, who was the owner of the mules in controversy at the time of the death of T. W. Heine, Fritz Heine or T. W. Heine, for this: If Fritz owned them the bill of sale of the mules by the widow of T. W. Heine, to appellee Eddie Poehls, was a nullity and it passed no title to the mules to Poehls. On the other hand, if they were owned by T. W. Heine, at his death the title passed to his widow and in such circumstances her bill of sale passed title to the mules to appellee Poehls. So then in either of the events stated it could not be that Fritz Heine became the owner in consideration of his verbal promise, if made, to pay the note executed by T. W. Heine, to Eddie Poehls. While the plaintiff was testifying in his own behalf, he was asked by his counsel the following question: "At the time T. W. Heine borrowed the $100.00 from you, did he offer to give you a mortgage on anything as security?" Appellant, in effect, objected to the question upon the grounds that an answer to such ques-

tion in the affirmative would be inadmissible to prove the ownership of the two mules sued for by the plaintiff, and because the answer called for a reproduction of a declaration of T. W. Heine, deceased, which was self-serving, and because such answer must necessarily be based upon hearsay as to the witness, and because it would not tend to prove the ownership of the mules in question. The court overruled such objection, and the witness answered as follows: "At the time T. W. Heine borrowed the $100.00 from me he offered to give me a mortgage on this pair of mules as security for the note." Appellant reserved his bill of exception to the action of the court in admitting such answer, and in this court assigns the admission of such testimony as reversible error.

Upon trial of the cause the court permitted the witnesses, Henry Jahns, Fritz Lambrecht, and Henry Schulz to testify that they knew that the two mules in question belonged to T. W. Heine, because T. W. Heine told them that they belonged to him. Such testimony was admitted over the objection of appellant that it was inadmissible for the following reasons: (1) Because it was hearsay testimony; (2) because the declaration attributed to T. W. Heine, if made, was self-serving and is not admissible to prove that he in fact owned the mules in question. Appellant reserved his bill of exception to the admission of such testimony and in this court assigns such admission as reversible error.

We think the assignments mentioned, present reversible error.

The controlling, if not the sole, issue raised by the evidence as we have already said, is: Did the mules in question belong to T. W. Heine at the time of his death, or did they at such time belong to appellant, Fritz Heine? While it is true that the plaintiff alleged that appellant for a valuable consideration agreed to pay the note executed by T. W. Heine, to him, there was no evidence offered to support such allegation. All the evidence shows that appellant took the mules under his contention that he had bought and paid for them before the death of his son T. W. Heine, and that they belonged to him. There is neither pleadings nor evidence to support a finding that appellant's promise in writing to pay the note in question, indeed there is no contention that he did so by anybody, but appellee contends and the evidence shows that a recovery against appellant upon his verbal promise to pay the note, if made, was sought, not upon the grounds that the mules were turned over to him as a consideration for his verbal promise to pay the note, but upon the contention that he took possession of property belonging to the estate of T. W. Heine, deceased, sufficient in value to pay the note, principal, interest, and attorney's fees provided for in said note. It is evident that the trial judge so construed the contention of appellee and the evidence, as he instructed

the jury to find whether or not appellant "received sufficient property from the estate of T. W. Heine, deceased, to support this promise to pay said note." The undisputed evidence shows that if appellant took and retained possession of any property belonging to the estate of T. W. Heine, deceased, other than the mules, he did, so under his belief that he inherited it as an heir of T. W. Heine, deceased, and not as a consideration for his verbal promise to pay the note in question. Under such circumstances no recovery could be had against appellant upon the note, in that it is provided by the statute of frauds, article 3995, that no action shall be brought in any court to charge any person upon a promise to answer for the debt, default, or miscarriage of another unless such promise be in writing and signed by the party to be charged therewith.

From what we have said it is clear that the only pertinent issue raised by the evidence is, did the mules in question belong to T. W. Heine at the time of his death, or did they belong to appellant, Fritz Heine; for if they belonged to Fritz Heine, they were not taken by him in consideration of his verbal promise to pay said note, but, on the other hand, if the mules belonged to the estate of T. W. Heine, deceased, the title to them passed to his widow and by her bill of sale the title to same passed to appellee, Poehls, and in such event appellee is entitled to recover possession of the mules or their value in this suit.

The pertinent and only issue is, as we have stated: Who owned the mules at the time T. W. Heine died? Such issue was sharply contested by the evidence. We have therefore reached the conclusion that the admission of the evidence complained of was inadmissible. It probably had weight in influencing the jury to find that the mules belonged to T. W. Heine at the time of his death as they did so find.

Appellant also complains of the action of the court in admitting Dr. E. W. Stork to testify that appellant, Fritz Heine, promised him that he (Fritz Heine) would pay him for waiting on T. W. Heine during his last sickness, but he would not pay him the bill until he had written him a letter in which he (the doctor) threatened to sue him if he did not pay the bill.

The objection made to the admission of such testimony is that it was not relevant to any issue in the case; that it was highly prejudicial; that it does not tend to prove the ownership of the mules sued for, nor the liability of the defendant on the note sued on, nor does it prove any issue in the case.

We sustain appellant's complaint.

Appellant also complains of the action of the court in permitting Mrs. Heine, widow of T. W. Heine, to testify, over his objections,

that the reason she did not pay the note executed by her deceased husband to Eddie Poehls was that Fritz Heine took all of her property after her husband died.

Such testimony tended to prove no issue in the case. It was therefore not admissible in evidence. It was calculated to prejudice, and probably did prejudice, the jury against appellant.

■ Appellant also complains of the action of the court in permitting Mrs. Heine to testify that, over his objection, appellant, Fritz Heine, tried to get six head of cattle that belonged to her after her husband's death.

Such testimony tended to prove no issue in the case. It was inflammatory and prejudicial to appellant and was calculated to and probably did influence the jury in returning its verdict against appellant. It was clearly inadmissible.

■ We overrule appellant's contention that there was no evidence to support the judgment authorizing a recovery by appellee from him of $150, as the value of the mules in the event the mules could not be found. The plaintiff testified: "Yes, I am well acquainted with the pair of mules conveyed to me by Mrs. Celesta Heine in settlement of the note. They are a large pair of mules and were in good shape when the defendant took possession of them. I have not seen them lately. One is a large horse mule and the other is a large mare mule. The Bill of Sale correctly describes them. They are well worth $150.00 to me. They are worth about $75.00 each."

We deem it appropriate to state that if the evidence shows that appellant took any property, claimed by appellee to belong to the estate of T. W. Heine, deceased, except the mules in question, there is no evidence showing the nature, kind, or value of the same. However, Fritz Heine testified that he told the mother of appellee that he thought the property belonging to the estate of T. W. Heine would come to him and that if it did he would pay T. W. Heine's debts, but that when he found that the law gave such property to the widow he gave her everything that belonged to T. W. Heine at the time of his death.

For the errors pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.

### On Motion for Rehearing.

The record shows that after all the evidence was introduced and the verdict of the jury was returned into the court, the plaintiff, Eddie Poehls, presented a motion to the court praying as follows: "That judgment be entered herein in favor of this plaintiff for the pair of mules in controversy, and for his writ of possession, and that in the event said two mules cannot be recovered of and from the defendant, Fritz Heine, by this plaintiff, that plaintiff have judgment for the value of said two mules, the sum of One Hundred Fifty Dollars ($150.00), with interest thereon at the rate of six per cent per annum from this date."

The only judgment rendered by the court was for the two mules in controversy or for their value in the event they could not be produced, as requested by the plaintiff.

Defendant, Fritz Heine, appealed from such judgment and none other. It is therefore apparent that the only question presented to us on this appeal is: Should the judgment be reversed for the reasons presented by appellant and sustained by this court, to wit, the admission by the trial court of hearsay testimony as to the ownership of the mules in question?

The question as to whether or not Fritz Heine had for a valuable consideration promised to pay the note executed and delivered by T. W. Heine to Eddie Poehls is not presented by the appeal taken by appellant.

The lengthy motion of appellee for rehearing, insisting that he should have judgment against appellant upon the note mentioned, is clearly not involved in the appeal taken from the judgment rendered by the trial court at appellee's request.

The motion is refused.